### COHN *v.* LOUISVILLE, N. O. & T. R. Co.

*(Circuit Court, S. D. Mississippi, W. D.   July 6, 1889.)*

1. REMOVAL OF CAUSES—LOCAL PREJUDICE—ALIENS.

A cause to which an alien is a party is not removable to the United States circuit court under the "local prejudice" clause of the removal act of 1887, which provides for the removal of controversies between citizens of the state in which the suit is brought and citizens of other states, on the ground of local prejudice.

2. SAME—CORPORATIONS—CITIZENSHIP.

A corporation created by the consolidation of several corporations existing in different states, by an act of the legislature, which provided that such cor-

poration should be treated as a corporation created by the laws of the state authorizing the consolidation, is, as concerns a suit against it by an alien, a citizen of that state, and not entitled to a removal of such suit under the local prejudice clause of the act of 1887.

At Law.    On motion to remand to state court.

*Phelps & Skinner*, for motion.

*Yerger & Percy, contra.*

HILL, J.    This is an action at law, brought by the plaintiff to recover damages for alleged personal injuries inflicted on him while a passenger on defendant's train, and alleged to have been caused by the negligence and carelessness of defendant's employés.    The cause was removed from the circuit court of Washington county into this court, upon the petition of defendant under the fourth clause of the second section of the act of 1887, known as the "Prejudice Clause" of the removal act.    The questions now for decision arise upon plaintiff's motion to remand the cause to the circuit court of Washington county, from whence it was removed into this court.    It is agreed on the hearing of this motion that the plaintiff is not a citizen of the United States, but is a subject of the emperor of Austria.    It is further agreed that the defendant corporation, as it now exists, and did exist when the injuries complained of occurred, was created by the consolidation of different railroad corporations, created by the acts of the legislatures of Louisiana, Mississippi, and Tennessee, respectively, and that the consolidation was authorized by the respective acts of the legislatures of these several states.    It is further admitted that the act of the legislature of this state, authorizing this consolidation, provided that by whatever name the consolidated company should be called in the future, it should be held, deemed, and treated as a corporation created by the laws of this state, and liable to all the responsibilities, and entitled to all the rights of such as though said consolidation had not been made.    The petition for removal avers that the defendant is a corporation created by the laws of Tennessee, and has its principal office and place of business in that state.    While this is true in the state of Tennessee, it is clear from the admitted facts, as well as the act of consolidation of this state, that it is equally a corporation created under the laws of this state, and must be held and treated as such, so far as it relates to its contracts and liabilities incurred in this state.    The grounds of the motion for remanding the cause to the court in which the suit was brought are,—*first*, that the plaintiff is an alien, and not a citizen of this state or district; and, *secondly*, that the defendant is a citizen of this district and state, and that for the want of necessary citizenship of the parties this court has no jurisdiction of the cause under the clause of the act of 1887, under which the removal of the cause was sought to be made. This clause reads as follows:

"And where a suit is now pending, or may hereafter be brought, in any state court in which there is a controversy between a citizen of the state in which the suit is brought and a citizen of another state, any defendant being such citizen of another state may remove such suit into the circuit court of

the United States for the proper district at any time before the trial thereof, when it shall be made to appear to said circuit court that from prejudice or local influence he will not be able to obtain justice in such state court, or in any other state court, to which the said defendant may, under the laws of said state, have the right, on account of such prejudice or local influence, to remove said cause."

There is no provision in this clause, nor was there any provision in the act of 1875, of which this act is an amendment, where an alien is a party, for the removal of causes from a state court, whether the alien be a plaintiff or defendant; and if there was no other reason, the motion to remand the cause to the circuit court of Washington county must prevail. But if this were not so, it is clear that the defendant is a citizen of this state, so far as this suit is concerned, and was sued as such, and under the provisions of the fourth clause of the second section of the act of 1887, is not entitled to a removal of the cause, and for this reason, the motion to remand must prevail, and such will be the order of the court.